# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INS. CO., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAMIAN CONCRETE, INC.; )<br>SUMMIT DESIGN & BUILD, LLC; )<br>and LAURA HERRERA, )<br>individually, and as Special )<br>Administrator of the Estate of )<br>Filiberto Herrera, )<br>)<br>Defendants. )<br>) | No. 17 C 8623<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

Hon. Maria Valdez, United States Magistrate Judge

Plaintiff Atlantic Casualty Insurance Company's ("Atlantic") complaint seeks declaratory judgment pursuant to 28 U.S.C. §2201 against Damian Concrete, Inc. ("Damian"), Summit Design & Build, LLC ("Summit"), and Laura Herrera, individually, and as Special Administrator of the Estate of Filiberto Herrera, that an underlying claim in state court does not trigger its duty to defend or indemnify Damian under its insurance police. The matter before the Court is Atlantic's Motion for Summary Judgment. [Doc. No. 30.] Defendants did not oppose the motion.[1] For the reasons that follow, Plaintiff's motion is granted.

---

[1] Defendants' original response brief to Plaintiff's motion was due May 9, 2018. Defendants moved to extend the deadline to respond to May 30, 2018, which the Court granted. As of June 15, 2018, the Court had not received Defendants' brief so it issued a rule to show

## STATEMENT OF FACTS[2]

**A. The Lawsuit**

On February 20, 2015, Laura Herrera filed a complaint in the Circuit Court of Cook County bearing the caption *Laura Herrera, Plaintiff v. Summit Design & Build, et al, Defendants*, Case No. 2015-L-1809 (hereinafter "the Lawsuit".) (Pl.'s L.R. 56.1(a)(3) ¶1.) The Fourth Amended Complaint in the Lawsuit alleges Summit was contracted with to perform work on a construction project located at 401 N. Morgan Street in the City of Chicago (hereinafter "the Project"). (*Id.* at ¶¶2(a),(b)). It also alleges that Summit contracted with Damian to perform work at the Project, and that each was in charge of, and in control of, activities involved in the construction and maintenance of the Project, including supervising employees and subcontractors. (*Id.* at ¶¶ 2(b),(c)). Donaly Roofing, Inc. ("Donaly") is also alleged to have been a contractor of the Project. (*Id.* at ¶ 2(b)). On June 7, 2014, Filiberto Herrera was performing roof work in the scope of his employment with Donaly at the Project when he fell to his death through a hole in the roof that was covered by an unsecured and unmarked sheet of plywood. (*Id.* at ¶¶ 2(a),(d)). All of the

---

cause and ordered Defendants to appear on June 21, 2018 to explain why the motion for summary judgment should not be deemed unopposed. Defendant Damian's counsel was not present when the case was called on June 21, 2018. Plaintiff's counsel and co-defendants' counsel, who were present at the June 21, 2018 hearing, both represented in open court that they had recently spoken to Damian's counsel and that he was aware that a rule to show cause hearing had been set. Due to counsel's failure to appear, Plaintiff's motion for summary judgment was deemed unopposed.

[2] Unless otherwise noted, the following material facts are undisputed or are deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces.

defendants[3] in the Lawsuit are alleged to have been negligent in the same various respects in connection with the Project, causing the injury to Filiberto Herrera. (*Id.* at ¶2(e)). [4]

**B. The Insurance Policy**

Atlantic and Damian entered into a policy of liability insurance, effective February 14, 2014 to February 14, 2015 (the "Policy"). (*Id.* at ¶ 3.) The Policy provides in relevant part:

> **SECTION I – COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. Insuring Agreement
> > a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any 'suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this Insurance does not apply. . .
>
> **SECTION II - WHO IS AN INSURED**
> (i) If you are designated in the Declarations as: . . .
> > d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders. . .
>
> **SECTION V – DEFINITIONS** . . .
>
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. . .

---

[3] All of the named defendants in the Lawsuit are as follows: Summit Design & Build, LLC, Steel Solutions Firm, Inc., Damian Concrete, Inc., JW Pro Builders, Inc., and J&M Hauling Co., Inc. (Pl.'s LR 56.1(a)(3), Ex. A.)

[4] The underlying complaint asserts theories of: (1) negligence, (2) premises liability; (3) wrongful death; (4) res ipsa loquitur; and (5) survival act. (*Id.*)

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. (*Id.* at ¶4.)

The Policy also contains endorsement AGL-055A 03-13, which provides in relevant part:

**EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS**
Exclusion e. Employer's Liability of Coverage A. Bodily Injury and Property Damage Liability (Section 1-Coverages) is replaced by the following:

This insurance does not apply to: . . .
> (ii) "bodily injury" to any "contractor" arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such "contractor" for which any insured may become liable in any capacity; . . .

This exclusion applies to all claims and "suits" by any person or organization for damages because of "bodily injury" to which this exclusion applies including damages for care and loss of services.

This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to which this exclusion applies, including any obligation assumed by an insured under any contract.

With respect to this endorsement only, the definition of "Employee" in the DEFINITIONS (Section V) of CG0001 is replaced by the following:

"Employee" shall include, but is not limited to, any person or persons hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.

As used in this endorsement, "contractor" shall include but is not limited to any independent contractor or subcontractor of any insured, any general contractor, any developer, any property owner, any independent contractor or subcontractor of any general contractor, any independent contractor or subcontractor of any developer, any independent contractor or subcontractor of any property owner, and any and all persons working for and or providing services and or materials of any kind for these persons or entitles mentioned herein.

4

All other terms and conditions remain unchanged. (*Id.* at ¶5).

Finally, the Policy contains a Combination Endorsement, AGL-056 03-13, which provides in relevant part:

**LIMITATION - DUTY TO DEFEND**

Where there is no coverage under this policy, there is no duty to defend any insured.

Our determination regarding a defense obligation under this policy may be made on evidence or information extrinsic to any complaint or pleading presented to us. (*Id.* at ¶6).

## LEGAL STANDARD

"Where a party fails to respond to a motion for summary judgment, the Court may exercise its discretion properly and rule on the merits of the unopposed motion." *United Cent. Bank v. Findley*, No. 12 C 1405, 2013 WL 5408660, at *2 (N.D. Ill. Sept. 26, 2013). "However, a nonmovant's failure to respond to a summary judgment motion . . . does not . . . automatically result in judgment for the movant." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (citation omitted); Federal Rules of Civil Procedure, Advisory Committee Comments to 2010 Amendments ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion."). Even where a motion for summary judgment is unopposed, the burden still rests with the movant to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993). Pursuant to Local

5

Rule 56.1, each material fact set out in Plaintiff's statement is deemed admitted in light of Defendants' failure to respond. N.D. Ill. L.R. 56.1(b)(3)(C).

## ANALYSIS

The question before the Court is whether the allegations presented in the Lawsuit's Fourth Amended Complaint trigger Atlantic's duty to defend Damian or Summit under the Policy. Atlantic contends that the allegations fall within the Policy's "contractor" exclusion, thereby relieving Atlantic of any duty to defend or indemnify under Illinois law.

To determine whether an insurer has a duty to defend the insured, courts compare the factual allegations of the underlying complaint with the germane provisions of the insurance policy. *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810–11 (7th Cir. 2010). "If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises." *Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.*, 611 F.3d 339, 346 (7th Cir. 2010) (quotations omitted). "An insurer may refuse to defend only if 'it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy.'" *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Center, Inc.*, 566 F.3d 689, 694 (7th Cir. 2009) (citing *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill. 2d 352, 307 Ill.Dec. 653, 860 N.E.2d 307 (2006)). Although any ambiguities within the policy must be interpreted

6

in favor of the insured, *Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co.*, 976 F.2d 1037, 1040 (7th Cir. 1992) (citations omitted), the court must not create an ambiguity where none exists. *Transamerica Ins. Co. v. South*, 975 F.2d 321, 327 (7th Cir. 1992) (citation omitted). A clear and unambiguous provision must be applied as written. *Id.*

**A. The Policy is clear and unambiguous**

The Court first turns to whether the language of the Policy is clear and ambiguous. In relevant part, the exclusion provision provides that there is no coverage under the Policy for "'bodily injury' to any 'contractor' for which any insured may become liable in any capacity", defining contractor as "any independent contractor or subcontractor of any insured, any general contractor, any developer, any property owner, . . . and any and all persons working for and or providing services . . . of any kind for these persons or entities mentioned herein." This language generates no reasonable ambiguity. As written, it is clear that the Policy excludes certain injuries to contractors and their employees from its coverage. *Essex Ins. Co. v. RHO Chemical Co., Inc.*, 145 F. Supp. 3d 780, 789 (N.D. Ill. Nov. 3, 2015) (finding a clause an insurance policy which excluded coverage for injury sustained by any contractor or its employee was "susceptible to only one meaning."); *James River Ins. Co. v. Keyes2Safety, Inc.*, No. 11 C 901, 2012 WL 3023334, at *3 (N.D. Ill. July 24, 2012) (finding the policy's exclusion provision was clear that there was no coverage for bodily injury sustained by the insured's

7

independent contractors/subcontractors or the independent contractor/subcontractor's employees.)

**B. The Policy's exclusion provision is applicable**

Having interpreted the Policy, the Court must now apply it to the facts alleged in the underlying state court complaint. There is no doubt that the complaint alleges "bodily injury" when Filiberto Herrera fell through the roof at the Project. It is also clear that the complaint alleges that Donaly was a contractor at the Project, alongside Damian and Summit. Finally, the Court can easily determine that the complaint alleges Filiberto Herrera was an employee of Donaly, performing duties in his capacity as an employee, on the Project at the time the accident occurred, placing him within the definition of "contractor" under the Policy. Based on the foregoing, it is clear that under the plain terms of the Policy's exclusion provision, that Filiberto Herrera's injury is excluded from coverage in this matter.

In sum, the Policy's exclusion provision is both unambiguous and applicable to the current facts. As a result, Atlantic does not have a duty to defend Defendants, Damian or Summit under the Policy in connection with the Lawsuit.

**C. There is no Duty to Indemnify**

The Court has determined that Atlantic has no duty to defend Damian, therefore, Atlantic also is under no duty to indemnify Damian. *See Health Care Industry Liability Ins. Program*, 566 F.3d at 694 ("Holding that an insurer has no duty to indemnify therefore follows inexorably from holding that an insurer has no duty to defend."); *see also Ohio Cas. Ins. Co. v. Bazzi Constr. Co.*, 815 F.2d 1146,

8

1147 (7th Cir. 1987) (noting that "an insurer's duty to defend is much broader than its duty to indemnify").

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion for summary judgment [Doc. No. 30] and against Defendants, Damian Concrete, Inc., Summit Design & Build, LLC, and Laura Herrera, individually, and as Special Administrator of the Estate of Filiberto Herrera.

**SO ORDERED.**  **ENTERED:**

**DATE:   June 29, 2018**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**